**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Radford,<br><br>    Plaintiff,<br><br>v.<br><br>Berg Homes LLC, et al.,<br><br>    Defendants. | No. CV-18-00287-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff John Radford's motion for summary judgment. (Doc. 42.) Radford's amended complaint asserts that Berg Homes, LLC ("Berg") and Connie Schwichtenberg (collectively, "Defendants") failed to pay him overtime in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). For the following reasons, the motion will be denied.

## BACKGROUND

I.   <u>Factual Background</u>

In April 2009, Radford began working for Berg as a live-in caregiver. (Doc. 1 ¶ 6; Doc. 43 ¶ 14.) Berg is an assisted living facility and Schwichtenberg is the sole proprietor of the business and member of the LLC. (Doc. 43 ¶¶ 3, 10; Doc. 47 at 1-2 ¶¶ 3, 10.)

In 2013, Radford was promoted to the position of Program Manager. (Doc. 47 at 4-5 ¶ 1.) He served in that position between January 26, 2015 and December 26, 2017, which is the time period during which he alleges Defendants failed to pay him overtime. (Doc. 42 at 3.)

Beyond this basic factual foundation, the parties largely disagree. They disagree about Radford's job responsibilities. (*Compare* Doc. 10 ¶¶ 19-31 [amended complaint, describing various tasks and decisions that Radford was not authorized to do or make] *with* Doc. 13 ¶¶ 19-31 [answer, denying all such allegations] *and* Doc. 46 at 8 [stating that Radford's primary duties were managerial].) They also disagree about Radford's regularly scheduled hours. (*Compare* Doc. 43 ¶ 17 [Radford's hours were 8 a.m. to 4 p.m., Monday through Friday] *with* Doc. 47 at 2 ¶ 17 [Radford's hours varied].) And they disagree about Radford's salary. (*Compare* Doc. 43 ¶ 16 [$25,000] *with* Doc. 47 at 2 ¶ 16 [$41,600].) On top of all of this, Radford was never deposed in this case (Doc. 46 at 5 n.5), so the summary judgment record is particularly sparse.

II.     Procedural Background

On January 26, 2018, Radford initiated this lawsuit by filing a complaint. (Doc. 1.)

On February 7, 2018, Radford filed an amended complaint. (Doc. 10.)

On March 16, 2018, Defendants filed an answer. (Doc. 13.)[1]

On August 23, 2019, Radford filed a motion for summary judgment (Doc. 42) and an accompanying statement of facts (Doc. 43).

On October 1, 2019, Defendants filed a response to the motion for summary judgment (Doc. 46) and a controverting and separate statement of facts (Doc. 47).

Radford did not file a reply.

**DISCUSSION**

I.     Standard Of Review

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element

---

[1] This case was assigned to the undersigned Judge on October 31, 2018. (Doc. 29.)

of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id*. at 1103.

"Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao V. Samaniego, VL: $ 446,377.36*, 835 F.3d 1159, 1162 (9th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird*, 908 F.3d at 459. Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

II. <u>Merits</u>

    A. **Prima Facie Case**

"An employee seeking to recover unpaid minimum wages or overtime under the FLSA has the burden of proving that he performed work for which he was not properly compensated." *Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986). Courts in this district have varied when enumerating the elements such a plaintiff must establish. *See*, *e.g.*, *Harrison v. Honeywell Int'l*, 2019 WL 4138571, *4 (D. Ariz. 2019); *Quinonez v. Reliable Auto Glass, LLC*, 2012 WL 2848426, *2 (D. Ariz. 2012); *Baker v. D.A.R.A. II, Inc.*, 2008 WL 191995, *7 (D. Ariz. 2008). Common to each iteration, however, is that the plaintiff must prove he was not properly compensated. *Id*. The FLSA requires employers

to pay overtime at a rate of one-and-one-half times a non-exempt employee's regular rate for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1).

Here, even assuming that Radford is entitled to overtime pay under the FLSA—an issue that is addressed in Part B below—he has failed to establish the absence of a genuine issue of material fact as to whether he performed work for which he was not properly compensated. Radford appears to have calculated his base and overtime rate of pay by dividing his purported annual salary of $25,000 (based on a job description advertising an opening for Program Manager) over 50 40-hour workweeks (based on what looks to be a different job posting) to arrive at a base hourly rate of $12.50 and an overtime rate of $18.75. (Doc. 42 at 5; Doc. 43-4 at 2, 3.) Then, he multiplied the number of hours he purportedly worked in excess of 40 hours per week[2] by $18.75 to reach the sum ($37,058.44) he contends he is owed. (Doc. 42 at 6.)

Defendants dispute the starting point for those calculations, stating that Radford's annual salary (before bonus) was actually $41,600. (Doc. 46 at 5; Doc. 47 at 2 ¶ 16; Doc. 47 at 9 ¶ 20; Doc. 47-1 at 7-9 [W-2 forms].) Defendants also contend that Radford "made his own schedule, which varied week to week," and "was never paid hourly." (Doc. 46 at 13; Doc. 47 at 2 ¶ 17; Doc. 47 at 5 ¶ 2.) Finally, Defendants note that although Radford's theory in this case is that he received $25,000 each year in 2015, 2016, and 2017 and that he should have received an additional $37,058.44 in unpaid overtime over that period, for a total of just over $112,058, his W-2 forms reflect that he "actually earned $132,887.50 from 2015-2017. Therefore, [Radford] was paid *more* than he now claims he is owed . . . ." (Doc. 46 at 11.)

In sum, the parties dispute how much Radford received as a salary, his base and overtime rate of pay, and the nature of his schedule. As another court in this district put it, when denying summary judgment in a case in which the "parties dispute[d] both the

---

[2] One of the employment records upon which Radford relies to calculate his overtime hours states that he earned a "gross amount paid" of $41,700 in 2015. (Doc. 43-5 at 2.) This is inconsistent with Radford's contention that he only earned an annual salary of $25,000 and, if anything, tends to support Defendants' contention that his annual salary was $41,600.

- 4 -

number of hours Plaintiff worked and the amount that she was paid . . . [i]t is hard to imagine disputes of fact more genuine and material than these." *Lopez v. JJJRT Inc.*, 2017 WL 4769528, *2 (D. Ariz. 2017). These factual disputes preclude the Court from finding as a matter of law that Radford performed work for which he was not properly compensated, so summary judgment must be denied.

### B.     **Administrative Exemption**

The parties' briefing also touches upon Defendants' affirmative defense that Radford fell within the FLSA's administrative exemption. Radford argues in his motion that Defendants cannot invoke this exemption because they failed to properly raise it in their answer. (Doc. 42 at 7-9.) In response, Defendants contend they properly raised this affirmative defense earlier in the proceedings. (Doc. 46 at 9-11.)

The administrative exemption to the FLSA is an affirmative defense. *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984). In the Ninth Circuit, affirmative defenses ordinarily must be asserted in an answer but can be raised "for the first time in a motion for summary judgment . . . if the delay does not prejudice the plaintiff." *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1087 (9th Cir. 2017) (citation and internal quotation marks omitted).

Here, Defendants' answer specifically denied Radford's assertion that he was a non-exempt employee. (Doc. 10 ¶ 18 [amended complaint: "From April 2009 until December 31, 2016, Plaintiff was a non-exempt employee . . . ."]; Doc. 13 ¶ 18 [answer: "Defendants deny Plaintiff's paragraph 18"].) Defendants also stated, in the portion of the answer entitled "Affirmative Defenses," that one of their defenses was "exemption." (Doc. 13 ¶ 50(p).) Although Radford argues this portion of the answer was too vague because it didn't specifically identify which exemption Defendants were seeking to invoke (Doc. 42 at 8), Defendants explained in the parties' Joint Case Management Report, filed less than two months after they filed their answer, that their position was that Radford was a "salaried employee and exempt from the overtime regulations of the Fair Labor Standards Act (FLSA). The FLSA provides that its overtime requirements do not apply with respect to an employee employed in an administrative capacity . . . 29 U.S.C. § 213(a)(1)." (Doc. 23

at 3.) Thus, Defendants will not be precluded from raising the administrative exemption as an affirmative defense.

Because the applicability of the administrative exemption is an affirmative defense, Defendants would bear the burden of proving it at trial.[3] Thus, had Radford succeeded in proving an entitlement to summary judgment on the elements of his FLSA claim (which he has not, *see* Part A above), Defendants arguably[4] would have been required in their response to Radford's summary judgment motion to produce evidence demonstrating the exemption's applicability. Defendants did so here (Doc. 46 at 7-9) and Radford did not bother to file a reply. This provides an additional reason why Radford's summary judgment motion must be denied.

C. **Liquidated Damages And Three-Year Statute Of Limitations**

Radford argues that Defendants willfully violated the FLSA, entitling him to a three-year statute of limitations and liquidated damages in an amount equal to his unpaid

---

[3] See *McKeen-Chaplin v. Provident Savings Bank, FSB*, 862 F.3d 847, 850 (9th Cir. 2017) (an employer claiming that an employee falls within an FLSA exemption bears the burden of proving the employee is exempt).

[4] There appears to be a split of authority on this issue that the Ninth Circuit has not addressed. *See, e.g., United Cent. Bank v. Wells St. Apartments, LLC*, 957 F. Supp. 2d 978, 987 (E.D. Wisc. 2013) ("[Some] cases support[] the proposition that in order to obtain summary judgment on a claim, a plaintiff must in its opening brief demonstrate the absence of a factual dispute concerning any affirmative defenses to the claim that the defendant may have listed in its answer. However, to the extent that these cases could be read to support such a rule, I will not follow them. Instead, I conclude that a rule applied by other courts—the rule that the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense—is the better rule."); *Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997) ("On a plaintiff's motion for summary judgment, the defendant bears the initial burden of showing that the affirmative defense is applicable. . . . Thus, summary judgment is appropriate where the defendant fails to come forward with evidence sufficient to . . . support an affirmative defense."). *But see Stillman v. Travelers Ins. Co.*, 88 F.3d 911, 913 (11th Cir. 1996) ("Stillman's motion for summary judgment did not address [the affirmative] defenses raised by Charter Oak, nor did it offer any evidence of undisputed facts as to these defenses . . . . Stillman's argument that a general request for summary judgment on all issues in a case may be granted when no opposing evidentiary matter is presented is unsupported in the law."); *United States v. Innovative BioDefense, Inc.*, 2019 WL 7195332, *8 (C.D. Cal. 2019) ("[T]o prevail at summary judgment, Plaintiff has the burden of point[ing] out to the Court that there is an absence of evidence to support the non-moving party's affirmative defense.") (citation and internal quotation marks omitted); *Navistar Int'l Transp. Corp. v. Freightliner Corp.*, 1998 WL 786388, *1-2 (N.D. Ill. 1998) (a movant at summary judgment has the burden of showing an absence of a genuine issue of material fact on a non-movant's affirmative defense and may not prevail by "simply ignoring [a non-movant's] defenses").

- 6 -

overtime wages. (Doc. 42 at 7.) Defendants argue that any FLSA violation was reasonable and committed in subjective good faith, so liquidated damages and an extended statute of limitations are inappropriate. (Doc. 46 at 12.)

Under the FLSA, the extended statute of limitations and liquidated damages are distinct issues with different burdens of proof. For a three-year statute of limitations to apply, the employee must show the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In contrast, liquidated damages are unavailable if the "employer shows that it acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that its conduct did not violate the FLSA." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003).

Radford has not demonstrated an entitlement to summary judgment on either issue. The sole evidence Radford offers as proof of Defendants' willfulness is that Berg was once sued for violating the FLSA. (Doc. 42 at 7.) At best, this is proof Berg was aware the FLSA exists. It fails to foreclose the possibility that Defendants—as Schwichtenberg's affidavit provides—carefully considered the law and reasonably concluded, with the advice of counsel, that the classification of Radford as an exempt employee was legally correct. (Doc. 46 at 12; Doc. 47-1 ¶ 14 ["No judgment has ever been entered against Berg . . . for any FLSA violation. A prior case that made such allegations was voluntarily dismissed."].)

***

Accordingly, **IT IS ORDERED** that Radford's motion for summary judgment (Doc. 42) is **denied**.

Dated this 10th day of February, 2020.

Dominic W. Lanza
United States District Judge